**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDREW L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-05-1496-F |
| | ) |
| OKLAHOMA COUNTY, STATE | ) |
| OF OKLAHOMA, ex rel., Oklahoma | ) |
| County Court Clerk, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the court is Defendant, Oklahoma County Court Clerk's Motion for Summary Judgment, filed June 20, 2006 (doc. no. 19). Plaintiff has responded, and the motion is ready for determination.

For the reasons set forth below, the court has concluded that the motion must be denied. It is apparent from the papers before the court that the defendant simply does not understand that when a litigant moves for summary judgment, asserting certain factual matters to be true, it is incumbent upon the movant to make those factual assertions into uncontroverted facts by supporting those factual assertions with evidentiary materials cognizable under Rule 56. If the movant fails to do that, the factual assertions upon which he relies remain just that: factual assertions, not uncontroverted facts.

Plaintiff, Andrew L. Johnson, seeks to recover damages against defendant, Oklahoma County Court Clerk, pursuant to 42 U.S.C. § 1983, because he allegedly served a longer period of incarceration as a result of defendant's actions. Defendant

moves for summary judgment in its favor on plaintiff's § 1983 claim, arguing that deliberate indifference is not present; that a policy and custom is not present; that negligence is insufficient for recovery under § 1983 and the statute of limitations bars plaintiff's recovery. Defendant also seeks summary judgment on any state law claim alleged by plaintiff on the basis that the Governmental Tort Claims Act, 50 O.S. 2001 § 151 *et seq.*, exempts defendant from liability.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court has carefully reviewed defendant's motion and concludes, as discussed below, that the record fails to establish that defendant is entitled to judgment as a matter of law as to plaintiff's § 1983 claim. The court therefore denies defendant's summary judgment motion as to plaintiff's § 1983 claim. As to any state law claim, it appears from plaintiff's response that no such claim has been alleged. The court therefore concludes that defendant's motion should be denied as moot as to plaintiff's state law claim.

The record reflects that on October 21, 1994, plaintiff pled guilty to count I, possession of CDS with intent to distribute, and count II, possession of CDS without a tax stamp. On March 24, 1995, plaintiff was sentenced to five years for each of the counts, with the sentences to run consecutively, with all but the first five years suspended. A judgment and sentence was entered that same day stating that as to count I plaintiff was sentenced to ten years with all suspended except the first five years and as to count II plaintiff was sentenced to ten years with all suspended except the first five years.

On March 24, 2004, plaintiff filed an application for post-conviction relief, alleging, in part, that he had received an excessive sentence on count one. On September 7, 2004, the court issued an order nunc pro tunc to correct the judgment and sentence. On November 9, 2004, the court denied plaintiff's application for post-conviction relief, finding that plaintiff's sentence was not excessive but that the paperwork merely misstated it.

On November 25, 2005, plaintiff filed his petition against defendant in state court and the case was subsequently removed to this court.

In its motion, defendant states that "[t]he Court Clerk does not prepare a Judgment and Sentence nor does it sign Plea Agreements and cannot be held liable for Plaintiff's failure to ensure the sentence reflected in either of those documents is correct." Motion, p. 2. Defendant, however, fails to proffer any evidence to show that the court clerk did not prepare the judgment and sentence at issue in this case. Plaintiff contends that the judgment and sentence was prepared by the court clerk, but he likewise does not provide any evidence of this fact. Consequently, there is nothing in the record to indicate one way or the other who prepared the judgment and sentence.

Defendant states that "Plaintiff was represented by counsel throughout his criminal process by a licensed attorney and could have easily challenged the term of service, but simply failed to do so." Motion, p. 2. Defendant, however, does not provide any evidence to show that plaintiff's counsel or plaintiff received a copy of the judgment and sentence or had actual or constructive knowledge of its existence.

Defendant states that the court, in addressing plaintiff's post-conviction application, specifically found that "petitioner's sentence is not excessive; the paperwork merely misstated it." Motion, p. 2. Although the state court judge concluded that plaintiff's sentence was not excessive, he made no finding that plaintiff

had not served more time than what he had actually been sentenced. There is no evidence in the record as to whether or not plaintiff served more time than he was actually sentenced to serve.

Defendant argues that deliberate indifference is not present in that "[t]he evidence in this case is clear that Plaintiff and his attorney were in the best position to determine the Plea Agreement and Judgment and Sentence were correct in Plaintiff's case, but they simply failed to do so. The Court Clerk did not prepare the Judgment and Sentence . . . ." Motion, p. 4. As previously stated, defendant has not presented any evidence to support these statements.

Defendant argues that a policy and custom, as required for county liability under § 1983, is not present. Defendant contends that "it is the responsibility of the individual who has documents filed in his case to ensure their accuracy. The Court Clerk cannot review every single document that comes in for filing and check it against the court record." Motion, p. 5. Plaintiff responds that "[a]s the Defendant admits . . . it is the policy and/or custom of the Defendant's office not to review the documents it holds in its care . . . [and] it is clear that there is more than a casual connection between the policy, practice, or custom and the injury complained of before this Court." Response, p. 4. Again, the record does not reveal who prepared the judgment and sentence. And although factual statements appearing in briefs are not deemed to be part of the record, unless permitted by the court, *see*, LCvR 7.2(f), there is no clear indication of the absence of any evidence of a "policy, custom, or practice, which provides for indifference in filing documents during the relevant time frame herein." Motion, p. 5.

Defendant additionally argues that plaintiff's claim is founded in negligence and that negligence is insufficient to state a 42 U.S.C. § 1983 claim. Defendant again maintains that "the Court Clerk did not prepare the Judgment and Sentence . . . [and]

4

there was at best a misstatement in the paperwork which was rectified by Judge Black." Motion, pp. 7, 8.  There is no evidence as to who prepared the judgment and sentence.  Moreover, the state court judge's ruling does not constitute a finding of negligence.

Finally, Defendant contends that plaintiff's § 1983 claim is barred by the applicable two-year statute of limitations.  Defendant argues that plaintiff knew or should have known about the ten year sentence "when he agreed to it on March 24, 1995" and that plaintiff did not file his initial petition in this matter until November 22, 2005.  The court does not agree that the record establishes that plaintiff "agreed" to the ten year sentence.  The court also concludes that the record in this case does not establish that plaintiff received the judgment and sentence on March 24, 1995.  It also does not establish any date as of when plaintiff had actual or constructive knowledge of the judgment and sentence.  The court notes that defendant has submitted, as one of its exhibit, a copy of the docket of plaintiff's state court criminal proceedings.  The events portion of the docket indicates that there may have been other proceedings involving plaintiff between the entry of the judgment and sentence and plaintiff's post-conviction application which may have caused plaintiff to have actual or constructive knowledge of the judgment and sentence.  However, there are no docket entries of any activity after the filing of the judgment and sentence.  And defendant has not provided the court with any copies of relevant pleadings related to those proceedings.  A § 1983 claim accrues when the plaintiff knows or should know that his constitutional rights have been violated.  <u>Smith v. City of Enid By and Through Enid City Com'n</u>, 149 F.3d 1151, 1154 (10th Cir. 1998).  The court finds that the record in this case does not provide a basis upon which the court might make a determination as to when plaintiff knew or should have known that his constitutional rights were violated.

Based upon the foregoing, the court concludes that summary judgment is not appropriate. The court finds that defendant has not met its initial burden of production under Fed. R. Civ. P. 56(c). The record on file does not show that defendant is entitled to a judgment as a matter of law. Although plaintiff has not responded to defendant's motion with evidentiary material, plaintiff's burden only arises if defendant has met its initial burden under Rule 56(c). *See*, Reed v. Bennett, 312 F.3d 1190, 1994 (10th Cir. 2002).

IT IS THEREFORE ORDERED that Defendant, Oklahoma County Court Clerk's Motion for Summary Judgment, filed June 20, 2006 (doc. no. 19), is **DENIED** as to the § 1983 claim and is **DENIED** as **MOOT** as to any state law claim.

DATED August 17, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1496p008(pub).wpd